SO ORDERED: July 14, 2011.



_____
Anthony J. Metz III
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| IN RE: ) | |
| ) | |
| NICHOLAS JOHN HOETMER ) | CASE NO 10-8663-AJM-7A |
| CYNTHIA SUE HOETMER ) | |
| ) | |
| Debtors ) | |

**ORDER DETERMINING REAL ESTATE COMMISSION IS PROPERTY OF THE ESTATE, SUBJECT TO WAGE GARNISHMENT EXEMPTION**

This matter came before the Court on June 29, 2011 upon a continued hearing on the Motion for Turnover filed by Thomas Krudy, the chapter 7 trustee (the "Trustee"). The Trustee seeks turnover of real estate commissions paid to Cynthia Hoetmer ("Cynthia"), a co debtor in this chapter 7 case. The Trustee appeared by his counsel, Lauren Grizzard; Cynthia appeared in person and by her counsel, Nathan Gooden.

*Background*

Cynthia is a real estate broker and had an exclusive right to sell property located at 10548 Coppergate Drive, Carmel, Indiana (the "Property"). The listing contract

provided that Cynthia would be entitled to a commission, payable upon the occurrence of any of the following events: (1) when the Property was sold; (2) when Cynthia secured a buyer ready, willing and able to purchase the Property; (3) when an agreement to sell the Property was entered into; (4) if, within 180 days after the listing agreement was terminated, the Property was sold to a buyer procured by Cynthia or (5) if the seller defaulted on a fully executed purchase agreement.  The listing contract also indicated when the commission was payable, and provided that a commission arising from events (1), (3) and (4) was due and payable at the closing, but that a commission arising from events (2) and (5) was due and payable upon demand by Cynthia.

Cynthia procured a buyer and on May 3, 2010, the buyer executed a purchase agreement to purchase the Property for $1,400,000.  Thus, the commission earned would have been payable upon demand by Cynthia as it fell under (2) since Cynthia had secured a buyer ready, willing and able to purchase the Property. [1]  Cynthia and her husband, Nicholas, filed a chapter 7 bankruptcy on June 9, 2010.  The closing on the sale of the Property occurred the day after on June 10, 2010 and Cynthia was paid her commission of $14,000 (the "Commission") that same day.  The Trustee moved for turnover of several items, including the Commission. [2]  All issues related to turnover of

---

[1] The commission also could have fallen under event (3), as an agreement to sell the Property was entered into on May 3rd in which case the commission earned would have been "due and payable" at closing.  However, this provision of the listing agreement addresses only when the commission is "payable" and does not address when the commission is "earned".  See, *In re Reutz,* 317 B.R. 549, 552 (Bankr. D. Colo. 2004) (determining that a Colorado statute which provides that a broker is not entitled to a commission until the ready, willing and able buyer consummates the sale, addresses only when the commission is payable, and not when it is earned, in light of the "abundant" case law holding that "a commission is earned when a broker or agent produces a buyer ").

[2] The Trustee also moved for turnover of the Debtors' nonexempt interest in stock, 25% of the wages due and owing as of the Petition Date, any security deposits, and any preference payments.

2

all items *other* than the Commission have been resolved.

## *Discussion*

### *"Property of the Estate" under §541(a)(1)*

Cynthia argues that the Commission is not property of the estate because it was received post petition. "Property of the estate" is broadly defined under §541(a)(1) to include all the debtor's legal and equitable interests in property as of the commencement of the case. Whether a particular interest held by the debtor is "property of the estate" is a question of federal bankruptcy law, but the *nature and extent* of that interest is defined by state law. *Butner v. United States*, 440 U.S. 48, 54,55, 99 S.Ct. 914, 917-18, 59 L.Ed.2d 136 (1979); *In re Jones,* 768 F.2d 923, 927 (7th Cir. 1985); *In re Paul,* 355 B.R. 64, 67 (Bankr. N. D. Ill. 2001); *In re FBN Food Services, Inc.*, 175 B.R. 671, 684 (Bankr. N. D. Ill. 1994). In Indiana, a broker is entitled to a real estate commission if the broker secures a ready, willing and able buyer to purchase the subject property upon the seller's terms. *Wilson v. Upchurch,* 425 N.E. 2d 236, 238 (Ind Ct. App. 1981). *Cf*, *In re Smith,* 2008 WL 4792455 (Bankr. N. D. Iowa) at *2; *affm'd*, 402 B.R. 887, 890 (B.A.P. 8th Cir. 2009) (real estate commissions under Iowa law); *Parsons v. Union Planters Bank, et al (In re Parsons)*, 262 B.R. 475, 478 ( B.A.P. 8th Cir. 2001)(Missouri law).

There is no question that Cynthia earned the Commission pre petition. The listing contract provided that Cynthia would be entitled to payment of the Commission upon the occurrence of any of five (5) events, one of which was to procure a ready, willing and able buyer for the Property. Cynthia procured a ready, willing and able

buyer no later than May 3, 2010, when the purchase agreement was executed. Although the buyers backed out of the deal on May 26th, they reconsidered on May 29th and decided to go through with the sale. The closing initially was scheduled for June 7th but was pushed to June 10th (one day after the Debtors filed their chapter 7 case) because the mortgage lender would not have the funds available for closing until June 10th. Although the closing occurred post-petition, Cynthia nonetheless held an interest in the Commissions pre petition, as most, if not all, of her services related to the sale of the Property were performed pre petition. [3] Commissions earned by a real estate agent pre petition are property of the agent's bankruptcy estate regardless of when they are paid. *Smith*, 402 B.R. at 889; *Parsons*, 262 B.R. at 479; *In re Ruetz,* 317 B.R. 549, 552 (Bankr. D. Colo. 2004) (debtor's right to commission arose pre petition, even if sales contract was subject to contingencies); *Johnson v. CMT Holding, Ltd. (In re Taylor & Campaigne, Inc.)*, 149 B.R. 993, 996 (Bankr. M.D. Fla. 1993); *Halloway v. Hyman (In re Bob Hamilton Real Estate, Inc.)*, 138 B.R. 301, 302 (Bankr. M. D. Fla. 1992)("...the plaintiff's right to payment arose pre petition. The fact that the commission was paid at a closing that occurred post petition does not change this result"); *Cissell v. Zahneis (In re Zahneis)*, 78 B.R. 504, 505 (Bankr. S. D. Ohio 1987) (commissions on two properties for which debtor had purchase agreements pre petition were property of the estate, but commission from third property that debtor had only listed pre petition but obtained purchase agreement post petition was not property of the estate); *Boyle v. Stefurak (In*

---

[3] Had the services related to the sale of the Property been performed post petition, the resulting commission would not be property of the estate under §541(a)(6) which excepts from such definition "earnings from services performed by an individual debtor after the commencement of the case".

4

re Sloan), 32 B.R. 607, 610 (Bankr. E.D.N.Y. 1983) ("where ... the debtor essentially fulfills all his obligations prior to the filing of his petition, the post petition commissions accruing therefrom will be deemed property of the estate").  The Commission was earned pre petition and thus, Cynthia held an interest in it as of the Petition Date.  The Commission, therefore is "property of the estate"....but to what extent?

### Indiana's Wage Garnishment Statute

A wage earner in Indiana may exempt a portion of his or her "disposable earnings" from garnishment under Indiana's wage garnishment statute (Ind Code §24-4.5-5-105) and that exemption is likewise available to a debtor in bankruptcy. *In re Haraughty*, 403 B.R. 607 (Bankr. S. D. Ind. 2009) (exemption under wage garnishment statute available to debtor in bankruptcy whose biweekly wages were earned pre petition but paid post petition).  However, this exemption applies only to "disposable earnings" which is defined as "part of the earnings of an individual, including wages, *commissions*, income, rents, or profits remaining after the deduction from those earnings of amounts required by law to be withheld".  Ind Code §24-4.5-5-105. (Italics added). The determinative factor in whether a particular form of payment for services qualifies as "disposable earnings" is whether it is periodic in nature.  *Fisher Body v. Lincoln Nat. Bank & Trust Co. of Fort Wayne*, 563 N.E.2d 149 (Ind. Ct. App. 1990) (lump sum severance bonus not "disposable earnings"); *In re Radez*, 2009 WL 1404326 (Bankr. S. D. Ind.) at *2 (bonus not exempted because it was not "periodic in nature"); *In re Petitt*, 2009 WL 1012977 (Bankr. S. D. Ind. ) at *2 (separation bonus not "disposable earnings" and thus exemption not available).

In *Radez*, this Court reviewed the legislative history of the Consumer Credit Protection Act ("CCPA"), and its definition of "disposable earnings", after which the definition of "disposable earnings" in Indiana's wage garnishment statute was patterned. This Court found that "disposable earnings" as defined by the CCPA referred to "periodic payments of compensation needed to support the wage earner and his family on a week-to-week, month-to-month basis". *Radez*, at *2. The Commission here certainly fits this bill; Cynthia's real estate commissions are truly wages that Cynthia earns on a periodic basis upon which she relies to pay week-to-week and month-to-month living expenses; at least there was no evidence to the contrary presented at the hearing. Indeed, both the CCPA and the Indiana wage garnishment statute definition of the term "disposable earnings" includes "commissions". Consequently, Cynthia is entitled to utilize the exemption available under Indiana's wage garnishment statute.

Accordingly, the Court finds that: (1) the Commission is "property of the estate" and that (2) a portion of the Commission, to the extent available, may be claimed by Cynthia as exempt under the Indiana wage garnishment statute. Cynthia shall amend the Debtors' Schedule C accordingly and pay to the Trustee the non-exempt portion of the Commission within 28 days of the date of this order.

### # # #

Distribution:

Nathan Gooden, Attorney for the Debtors
Lauren Grizzard, Attorney for Thomas Krudy, Chapter 7 Trustee

6